IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-CV-2263-MSK-STV

DAWN ROSE,
MICHELLE TIPPET,
PATTI SEARS,
KATHY CLAYTON,

    Plaintiffs,

*v*.

CITY OF DENVER,

    Defendant.

---

**OPINION AND ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

---

**THIS MATTER** comes before the Court on the Plaintiffs' *ex parte* Motion for Temporary Restraining Order (**# 5**). For the following reasons, the motion is granted in part.

Accepting the statements submitted by affidavit with the motion as true, it appears that the Plaintiffs are owners of French Bulldogs — Raven, Vinnie, Soufflé, Bechamel, Champagne, Wyatt, Biscuit, Bernaise, Pearl, and Nougat (collectively the Dogs) — that are registered with the American Kennel Club.[1] They each gave Marleen Puzak physical possession of the Dogs and authorizing her to board them, care for them, and show them in dog shows. On July 7, 2017, defendant City and County of Denver (the City) raided Ms. Puzak's home and seized the Dogs for reasons unclear at this stage. The Plaintiffs have made attempts to retrieve their dogs from City

---

[1] Raven, Vinnie, Soufflé, Bechamel, and Pearl all belong to plaintiff Dawn Rose. Wyatt (also called Premiers Law Man) belongs to plaintiff Patti Sears. Biscuit and Nougat (also called Nugget) belong to plaintiff Kathy Clayton. Champagne and Bearnaise belong to plaintiff Michelle Tippet.

custody, but with one exception, their requests have been refused.[2]

Until recently, the Plaintiffs have been working with the City through counsel to establish ownership of the Dogs and get them returned. On September 13, however, Assistant City Attorney Lee Zarzecki apprised counsel for the Plaintiffs that the Dogs could be adopted out to new owners, regardless of ownership, effective immediately.

Based on these allegations, the Plaintiffs' Complaint (# **1**) asserts four causes of action: (1) deprivation of property in violation of the Fifth and Fourteenth Amendments via 42 U.S.C. § 1983; (2) extreme and outrageous conduct causing emotional distress; and (3) willful and wanton conduct. The Plaintiffs' *ex parte* Motion for Temporary Restraining Order (# **5**). They request that the Court: (1) enjoin the City from adopting or transferring the Dogs without Court approval and (2) enjoin the City from performing further veterinary procedures on the Dogs without Court approval.

With the exception of Champagne and Bearnaise,[3] the Plaintiffs have adequately demonstrated ownership of the Dogs and that the City's offering of the Dogs for adoption poses an imminent and irreparable harm to their property interest. Without determining the question, the Court assumes that dogs sold in good faith to new owners would be unrecoverable by the Plaintiffs. *See Robbins v. City of Greeley*, No. 15-CV-0683, Doc. 35, slip op. at 1 (D. Colo. Mar. 9, 2016). At the very least, the practical hurdles of reclaiming a dog that has been adopted out to a new owner would be especially onerous. This harm is imminent for the Plaintiffs because the City's representation that the Dogs can be adopted out is not qualified by any protection for the

---

[2] Raven has been returned to Ms. Rose.
[3] Ms. Tippet has submitted no affidavit or statement from which the Court can ascertain particular facts about her dogs, which the Court assumes are Champagne and Bearnaise by process of elimination.

Plaintiffs' alleged property rights. Under these circumstances, the Court is satisfied that the Plaintiffs have met the requirements of Rule 65(b)(1)(A) and (B).

The Court also finds that the Plaintiffs have made a facial showing of their entitlement to *ex parte* relief under the traditional preliminary injunction factors. The City's counsel has advised the Plaintiffs' counsel that litigation is required, so practically speaking, the City has received notice of the Plaintiffs' request. The City's code requires release of any impounded animal to the owner upon submission of proof of ownership, suggesting a likelihood of success on their claim for injunctive relief. Assuming their allegations to be true, the balance of the equities tips in favor of the Plaintiffs because they have strong ownership rights in the Dogs and the City has little right to infringe on that ownership. Any harm to the public interest caused by enjoining the City from releasing the Dogs for adoption is outweighed by the public's interest in robust property rights.

Accordingly, the Motion for Temporary Restraining Order is **GRANTED IN PART** as follows:

1. Pending a preliminary injunction hearing, the City, its agents, and all those acting in concert with it, are hereby enjoined from putting the following dogs up for adoption for a period of 10 days from the date of this order: Vinnie, Soufflé, Bechamel, Pearl, Wyatt/Premiers Law Man, Biscuit, and Nougat/Nugget;

2. The Court will conduct a non-evidentiary hearing on the Motion for Preliminary Injunction at 2:00 PM on Friday, September 29, 2017. At this hearing, the Court will hear the preliminary injunction motion by proffer and determine whether a full evidentiary hearing on that motion needs to be held.

Dated this 20th day of September, 2017, at 5:10 PM.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Court