IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-CV-2263-MSK-STV

DAWN ROSE,
MICHELLE TIPPET,
PATTI SEARS,
KATHY CLAYTON,

    Plaintiffs,

*v*.

CITY AND COUNTY OF DENVER, and
ALICE NIGHTENGALE, in her official capacity,

    Defendants.

---

**OPINION AND ORDER ON MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss (**# 21**) and the Plaintiffs' response (**# 27**). For the following reasons, the Motion to Dismiss is granted in part.

### I.    JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### II.    BACKGROUND[1]

The Plaintiffs are owners of French Bulldogs — Raven, Vinnie, Soufflé, Bechamel, Champagne, Wyatt, Biscuit, Beignet, Pearl, and Nugget (collectively the Dogs) — that are registered with the American Kennel Club. Each Plaintiff gave physical possession of a Dog or

---

[1] The Court recounts and accepts as true the well-pled facts alleged in the Counterclaims (**# 18**). *See Dudnikov v. Chalk & Vermilion Fine Arts Inc.*, 514 F.3d 1063, 1069–70 (10th Cir. 2008).

Dogs to Marleen Puzak in order to board, care, and show them in dog shows. On July 7, 2017, Defendant City and County of Denver (the City) seized the Dogs from Ms. Puzak's home for unstated reasons. Without consent of the Plaintiffs, the City has spayed/neutered some of the Dogs and performed other veterinary procedures that reduce the value of the Dogs as show dogs. The Plaintiffs sought to retrieve their dogs from City custody, but their requests have been refused. Instead, the City has notified the Plaintiffs that their Dogs would be offered to new owners for adoption. Despite Plaintiffs' repeated requests, the City has provided no process by which Plaintiffs can prove their ownership of the Dogs, seek return of the Dogs or object to medical treatments that reduce their value.

The Amended Complaint (**# 18**) asserts three causes of action: (1) deprivation of due process in violation of the Fourteenth Amendments via 42 U.S.C. § 1983,[2] (2) extreme and outrageous conduct causing emotional distress, and (3) willful and wanton conduct. The Defendants have moved to dismiss all claims (**# 21**).

### III.   LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The Court must limit its consideration to the four corners of the complaint, any exhibits attached thereto, and any external documents that are incorporated by reference. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

---

[2] The Plaintiffs identify no specific constitutional violation in their first cause of action, but the Court construes their multiple references to due process (¶¶ 39–40, 43, 45, 50) to allege a violation of their Fourteenth Amendment right to procedural due process.

However, a court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *Alvarado v. KOB-TV LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To make such an assessment, the Court first discards those averments in the complaint that are merely legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. The Court then takes the remaining, well-pleaded factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a "plausible" as compared to a "conceivable" claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## IV. DISCUSSION

The Defendants argue the Complaint fails to state a cognizable due-process claim because it lacks allegations to support municipal liability. They seek to dismiss the state-law claims due to the failure of the Plaintiffs to allege compliance with the Colorado Governmental Immunity Act because the Plaintiffs did not allege compliance with C.R.S. § 24-10-109(1). The Court will analyze the Plaintiffs' municipal and official-capacity claims together because official-capacity suits are treated as suits against the entity "in all respects other than name". *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

**A. Due-Process Claim**

A determination on whether a plaintiff's procedural-due-process rights were violated is grounded in two questions: whether the individual had a protected property interest and whether the individual was afforded an appropriate level of process. *Camuglia v. City of Albuquerque*,

3

448 F.3d 1214, 1219 (10th Cir. 2006). The requisite level of process is generally a hearing before the government acts to impair the property interest, although the hearing need not afford the protections of a trial. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Here, the Amended Complaint adequately alleges that Plaintiffs have a property interest in the Dogs, and that they were denied an opportunity to prove their interest and retrieve them.

The City seeks dismissal of this claim based on *Monell v. Department of Social Services*, 436 U.S. 658, 691–93 (1978). The City contends that it is not responsible for the acts of its employees and that the Complaint fails to identify a municipal policy that violates the Plaintiffs' due-process rights.

To have a cognizable *Monell* claim, the plaintiff must allege (1) the existence of the policy or custom and that (2) the city intended the conduct to occur or was deliberately indifferent to the possibility that conformance with the custom or policy would result in unconstitutional conduct. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). A custom will suffice "so long as this custom amounts to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1189 (10th Cir. 2010).

The City's reliance on *Monell* is misplaced. The due-process claim in the Amended Complaint is tethered to the City's regulation on impounded animals, which provides for the release of impounded animals "upon receipt of satisfactory proof that the person claiming the animal is the owner thereof". *See* Den. Muni. Code § 8-152(a). Nowhere in this provision or elsewhere does the Denver Municipal Code define what proof of ownership is satisfactory, who decides ownership issues, or what process is used to determine ownership rights in impounded animals. Thus, fairly stated, Denver's policy is to *not* have a defined process, standard of proof,

4

or decisionmaker with regard to determining ownership of impounded animals. It is this policy that is the moving force behind the City's refusal to return the Dogs to the Plaintiffs. *See Dodds v. Richardson*, 614 F.3d 1185, 1201–02 (10th Cir. 2010); *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

A facially sufficient *Monell* has been pled. The remainder of the Defendants' motion relates to a takings claim, which the Plaintiffs have not brought. Accordingly, the City's motion to dismiss Plaintiffs' due-process claim is denied.

**B.     Remaining State-Law Claims**

The Colorado Governmental Immunity Act (CGIA) defines parameters for waivers of the City's sovereign immunity. In a federal court case in which a tort claim is asserted against the City, the plaintiff must file a written notice within 180 days of the date the injury was discovered. C.R.S. §24-10-109(1); *Aspen Orthopaedics & Sports Medicine LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 838 (10th Cir. 2003). Failure to file the notice within the 180-day period "is an absolute bar to suit." *Gallagher v. Bd. of Trustees for Univ. of N. Colo.*, 54 P.3d 386, 393 (Colo. 2002). Furthermore, Colorado courts consistently hold that a plaintiff must plead compliance with the CGIA's notice provisions in the complaint to avoid dismissal. *Aspen*, 353 F.3d at 830.

Both the intentional infliction of emotional distress and extreme and outrageous conduct claims (to the extent that they are claims) arise as torts governed by the CGIA. Consequently, the Plaintiffs are required to give the notice as required by C.R.S. §24-10-109(1) and plead compliance in their Amended Complaint. There is no representation of compliance with this provision, therefore these claims must be dismissed without prejudice.

For the foregoing reasons, the Defendants' Motion to Dismiss (**# 21**) is **GRANTED IN PART** and **DENIED IN PART**. The Plaintiffs' state-law claim(s) — Claim II for Extreme and

Outrageous Conduct and Claim III for Outrageous Conduct Causing Severe Emotional Distress — are **DISMISSED**. Any request to amend shall be made within 14 days. The Plaintiffs' § 1983 claim will proceed.

Dated this 11th day of April, 2018.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge